08-0653-cv
Runner v. New York Stock Exchange, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: April 2, 2009                                    Decided: January 5, 2010)

Docket No. 08-0653-cv

VICTOR J. RUNNER,

     *Plaintiff-Appellee*,

     v.

NEW YORK STOCK EXCHANGE, INC.,

     *Defendant-Cross-Claimant-Third-Party*
     *Plaintiff-Third-Party Defendant-Cross-*
     *Defendant-Appellant*,

AMEC CONSTRUCTION MANAGEMENT, INC.,

     *Defendant-Third-Party Plaintiff-Cross-*
     *Defendant-Third-Party Defendant-*
     *Appellant*,

ALBIN GUFSTANSON CO., INC.,

     *Third-Party Defendant-Cross-Claimant.*


Before: CABRANES, HALL, *Circuit Judges*, and SWEET, *District Judge.*[*]

Defendants appeal a judgment of the United States District Court for the Southern District

of New York (Thomas P. Griesa, *Judge*), in which the Court set aside a jury verdict for defendants

and concluded that defendants were liable as a matter of law under section 240(1) of New York's

---

[*] The Honorable Robert W. Sweet, of the United States District Court for the Southern
District of New York, sitting by designation.

Labor Law for an injury plaintiff sustained while using a pulley to move a reel of wire down a small flight of stairs. Based on the answer of the New York Court of Appeals to our certified question, we affirm the judgment of the District Court and remand the cause to the District Court to enter judgment in conformance with the parties' settlement agreement.

Affirmed and remanded.

STEVEN J. AHMUTY, JR., (Christopher Simone, *on the brief*), Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY, *for Defendants-Appellants New York Stock Exchange, Inc. and AMEC Construction Management, Inc. Co., LLC.*

SCOTT N. SINGER, Sacks and Sacks, LLP, New York, NY, *for Plaintiff-Appellee.*

JOSÉ A. CABRANES, *Circuit Judge*:

Defendants appeal a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*), in which the Court set aside a jury verdict for defendants and concluded that defendants were liable as a matter of law under section 240(1) of New York's Labor Law for an injury plaintiff sustained while using a pulley to move a reel of wire down a small flight of stairs. We assume familiarity with the underlying facts and procedural history, which are provided at *Runner v. New York Stock Exchange, Inc.*, 568 F.3d 383 (2d Cir. 2009) ("*Runner I*"), *certified question answered by Runner v. New York Stock Exchange, Inc.*, 2009 N.Y. Slip Op. 9310 (N.Y. Ct. of Appeals Dec. 17, 2009)("*Runner II*").[1]

In *Runner I*, we certified the following questions to the New York Court of Appeals:

I.      Where a worker who is serving as a counterweight on a makeshift pulley is dragged into a pulley mechanism after a heavy object on the other side of a pulley rapidly descends a small set of stairs, causing an injury to plaintiff's hand, is the injury (a) an "elevation related injury," and (b) directly caused by

---

[1] As we noted in *Runner I*, the parties have agreed to a settlement under which plaintiff receives $900,000 in damages and an additional $1.5 million if the judgment of the District Court is affirmed. 568 F.3d at 385.

2

the effects of gravity, such that section 240(1) of New York's Labor Law applies?

II.     If an injury stems from neither a falling worker nor a falling object that strikes a plaintiff, does liability exist under section 240(1) of New York's Labor Law?

*Runner I*, 568 F.3d at 389.  In *Runner II*, the New York Court of Appeals, in a thorough opinion by Chief Judge Lippman, answered our first question in the affirmative, and left the second question unanswered as unnecessary.   Specifically, the New York Court of Appeals held that liability under New York Labor Law § 240(1), better known as the "scaffold law," arises when "the harm [that causes an injury] flows directly from the application of the force of gravity to the object," and does not require either a "falling worker" or a "falling object."  2009 N.Y. Slip Op. at *4.  Accordingly, the New York Court of Appeals concluded that the scaffold law is applicable under the circumstances presented in this case.  *Id.* at *1.

The decision of the New York Court of Appeals requires us to affirm the District Court's judgment that defendants are liable, as a matter of law, under the scaffold law because the application of the force of gravity to an 800 pound reel of wires caused plaintiff's hands to be severely injured while he was using a makeshift pulley system to lower the reel down four stairs. Accordingly, based on the New York Court of Appeals' answer to our certified question, we **AFFIRM** the judgment of the District Court and remand the cause to the District Court to enter judgment in conformity with the parties' settlement agreement.